UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN S. FORD, III,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 2:15-cv-0319 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 18, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to provide a germane reason for discounting the medical source opinion of Charles Herndon, MHP. Because the residual functional capacity ("RFC") would have

included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, NATHAN S. FORD, III, was born in 1970 and was 35 years old on the alleged date of disability onset of February 2, 2006 (*see* AR. 143-49, 150-52). Plaintiff attended school to the ninth grade and later obtained his GED (AR. 804-05). He has work experience in a shipyard but was let go and told he was too sick to be working there (AR. 809-10).

According to the ALJ, plaintiff has at least the severe impairments of "diabetes, affective disorder, anxiety disorder, personality disorder, ADHD, and polysubstance abuse (20 CFR 404.1520(c) and 416.920(c))" (AR. 738).

At the time of the hearing, plaintiff was living alone in an apartment (AR. 806).

## PROCEDURAL HISTORY

Plaintiff provides the following uncontested procedural history:

> On October 29, 2008, Nathan S. Ford III filed claims for Social Security Disability Insurance Benefits and Supplemental Security Income disability benefits. Administrative Record (AR) 71-72, 735. His claims were denied initially and on reconsideration. AR 79, 81. Mr. Ford timely requested an administrative hearing. AR 83. On October 26, 2010, a hearing was held before Administrative Law Judge (ALJ) Marguerite Schellentrager. AR 29-69. On December 22, 2010, ALJ Schellentrager issued a decision denying Mr. Ford disability benefits. AR 11-23. On February 23, 2012, the Appeals Council denied Mr. Ford's request for review. AR 1, 141. Mr. Ford then sought review in the United States District Court for the Western District of Washington. AR 870-71. On December 13, 2012, the Court

reversed the denial of benefits and remanded the matter for further administrative proceedings. AR 874-80.

On November 6, 2013, a second administrative hearing was held before ALJ Verrell Dethloff, and on November 18, 2013, ALJ Dethloff issued a decision denying disability benefits. AR 735-54, 802-44. Mr. Ford timely submitted written exceptions to the Appeals Council. AR 727-28. On January 16, 2015, the Appeals Council declined to assume jurisdiction over the matter. AR 722. This appeal follows.

(*See* Dkt. 18, p. 2.).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence in the record; and (2) Whether or not the ALJ properly evaluated the lay witness statement of Shawn Hayenga (*see* Dkt. 18, pp. 1-2). Because this Court reverses and remands the case based on issue 1, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1) **Whether or not the ALJ properly evaluated the medical evidence in the record.**

Plaintiff contends that the ALJ erred by failing to provide a specific, germane reason for discounting the opinion of examiner Charles Herndon, MHP (*see* Opening

Brief, Dkt. 18, pp. 20-21). On August 11, 2008, Mr. Herndon performed a psychological evaluation of plaintiff for the Washington Department of Social and Health Services ("DSHS") (*see* AR. 289-92). In that evaluation, Mr. Herndon found that plaintiff had marked depressed mood and social withdrawal, as well as moderate paranoid behavior and verbal expression of anxiety or fear (*see* AR. 290). Mr. Herndon assessed plaintiff with moderate recurrent major depression (*see id*.). Mr. Herndon ultimately opined that plaintiff had marked limitations in his ability to relate appropriately to co-workers and supervisors (*see* AR. 291).

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513(a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513(d). *See also Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social*

*Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

"[O]nly 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted). Nevertheless, evidence from "other medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4. The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Relevant factors when determining the weight to be given to an other medical source include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source present relevant evidence to support an opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individuals' impairments(s), and Any other factors that tend to support or refute the opinion.

2006 SSR LEXIS 5 at *11.

Here, the ALJ gave some weight to the opinion of Mr. Herndon, noting that the opined moderate restrictions in social and cognitive function were consistent with the medical evidence and plaintiff's daily activities (*see* AR. 750). The ALJ then stated, "However, such evidence is not consistent with Mr. Herdon's [sic] opinion that the claimant would have marked limitations in the ability to relate appropriately to co-workers and supervisors" (*id.*).

The Ninth Circuit has characterized lay witness testimony, including opinions from other medical sources, as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). However, an ALJ may discredit lay testimony if it conflicts with medical evidence, even though it cannot be rejected as unsupported by the medical evidence. *See Lewis, supra*, 236 F.3d at 511 (An ALJ may discount lay testimony that "conflicts with medical evidence") (*citing Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *Bayliss, supra*, 427 F.3d at 1218 ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (*citing Lewis, supra*, 236 F.3d at 511).

Here, however, the ALJ's general claim that the limitation in ability to relate with co-workers and supervisors is inconsistent with the medical evidence is not supported by substantial evidence. Mr. Herndon's opinion was based on clinical interviews, testing, consultation with plaintiff's primary care provider, and a review of the medical record

(*see* AR. 291). In the medical record, plaintiff's treating provider Ned Farmer, MA, opined that plaintiff had marked limitations in relating to co-workers and supervisors (*see* AR. 595). DSHS examining psychologist Victoria McDuffee, Ph.D. found that plaintiff had a marked limitation in communicating effectively in a work setting with even limited public contact and that he had a severe limitation in maintaining appropriate behavior in a work setting (*see* AR. 971). Examining physician Kathleen Andersen, M.D., opined that plaintiff had marked limitations in communicating and performing effectively and in maintaining appropriate behavior in a work setting, noting that plaintiff would likely be impulsive and impatient in interactions (*see* AR. 961-62).

Presumably, the ALJ found Mr. Herndon's opinion inconsistent with examining physician Erin Rubin, Psy.D., who found that plaintiff could accept instructions from supervisors and interact appropriately with co-workers, an opinion to which the ALJ gave significant weight (*see* AR. 749). However, with the breadth of medical evidence indicating that plaintiff was limited in interacting with co-workers and supervisors, Mr. Herndon's opinion could not fairly be dismissed as being generally inconsistent with the medical evidence. Though the ALJ discounted the opinions that concurred with Mr. Herndon's for various reasons, substantial evidence does not support the ALJ's statement that Mr. Herndon's opinion was inconsistent with the medical evidence.

Next, an ALJ may reject lay witness evidence, including opinions of other medical sources, if other evidence in the record regarding the claimant's activities is inconsistent therewith. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Though not explicitly stated when analyzing Mr. Herndon's opinion, the ALJ

elsewhere found that plaintiff's ability to spend time with friends, maintain a relationship with a girlfriend, go to AA meetings, and babysit his niece and nephew is consistent with the RFC assessed, not with a marked limitation in interacting with co-workers and supervisors (*see* AR. 749).

However, substantial evidence does not support the ALJ's statement that plaintiff's activities are inconsistent with Mr. Herndon's opined limitation in the ability to relate appropriately to co-workers and supervisors. That plaintiff could maintain long-term friendships or a relationship with a woman he has known for twenty years does not demonstrate that he can appropriately interact with complete strangers in a full-time work environment (*see* AR. 46). Activities such as attending AA meetings do not require interaction with others at the level of a work environment. Similarly, caring for children does not demonstrate an ability to maintain appropriate workplace relationships with adults.[1] In fact, the record as a whole indicates that plaintiff generally avoids others outside of his circle and isolates himself because of the stress of interacting with others (*see, e.g.,* AR. 174, 182, 354 (broken teeth and abrasions on face from a fight), 964 ("difficulty with every relationship he attempts to engage"), 968 ("every relationship I have is stressed"), 1142 (he "gets into it with everybody in his life"), 1152 (difficulty interacting with bus drivers and authority figures)).

---

[1] Notably, the ALJ found that plaintiff's daily activities were consistent with the assessments by state agency consultants who found that plaintiff should not interact with the general public, a limitation incorporated into plaintiff's RFC (*see* AR. 741, 748-49). However, the ALJ fails to explain why the same activities show that he was more capable of successfully interacting with co-workers and supervisors.

Moreover, having based his opinion on clinical interviews, testing, consultation with plaintiff's primary care provider, and a review of the medical record, there is no evidence that Mr. Herndon was not fully aware of plaintiff's activities when assessing plaintiff's functional limitations (*see* AR. 291). Therefore, because substantial evidence did not support the ALJ's alleged inconsistency between Mr. Herndon's opinion and plaintiff's activities, the ALJ offered no germane reason for discounting the opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout, supra*, 454 F.3d at 1054 (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle, supra*, 533 F.3d at 1162) (other citations omitted). Here, because the ALJ improperly discounted the opinion of Mr. Herndon in assessing plaintiff's RFC and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear

from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 29th day of September, 2015.

J. Richard Creatura
United States Magistrate Judge